■ TRIO ASBESTOS REMOVAL CORP., Appellant, v NICHOLAS MARINELLI, Respondent. [804 NYS2d 370]—

In an action for specific performance of a contract for the sale of the defendant's stock in a closely-held corporation, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated March 30, 2004, as denied that branch of its motion which was for summary judgment directing the manner in which the value of the defendant's stock would be determined.

Ordered that the order is affirmed insofar as appealed from, with costs.

"As a general rule, courts must enforce shareholder agreements according to their terms. . . . Such agreements avoid costly, lengthy litigation . . . and promote reliance, predictability

and definitiveness in relationships among shareholders in close corporations" (*Matter of Penepent Corp.*, 96 NY2d 186, 192 [2001] [internal quotation marks and citations omitted]). Here, the shareholders agreement provided that upon a sale of stock, the purchase price would be determined on the basis of a certificate executed by the shareholders unless no such certificate had been executed within the two years preceding the sale. In that event, the value of the shares was to be determined "[b]y the accountants servicing the corporation using normal and usual accounting practices." Since there is no dispute that no such certificate had been executed within the preceding two years, the shares were required to be valued, as the Supreme Court determined, by the corporation's accountants. Contrary to the plaintiff's argument, the parties' previous agreement to purchase shares from another shareholder did not constitute the execution of a certificate.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.